# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LIFESTYLE COMMUNITIES, LTD.**, *et al.*, | ) |
| Plaintiffs, | ) Civil Action 2:22-CV-1775 |
| | ) |
| v. | ) Judge Sarah D. Morrison |
| | ) |
| **CITY OF WORTHINGTON, OHIO**, | ) Magistrate Judge Elizabeth P. Deavers |
| | ) |
| Defendant. | ) **ORAL ARGUMENT REQUESTED** |

## PLAINTIFFS LIFESTYLE COMMUNITIES, LTD. AND WORTHINGTON CAMPUS, LLC'S MOTION FOR RECONSIDERATION

Pursuant to the Court's inherent powers and Federal Rules of Civil Procedure 59 and 60, Plaintiffs Lifestyle Communities, Ltd. and Worthington Campus, LLC (collectively, "Lifestyle") respectfully request the Court to reconsider its March 15, 2023, Opinion and Order as to Lifestyle's procedural due process, equal protection, and retaliation claims and deny the motion of Defendant City of Worthington, Ohio ("Defendant" or the "City") to dismiss those claims and the corresponding claims for declaratory judgment.

As set forth in Lifestyle's attached memorandum in support, Lifestyle respectfully submits that the Court erred in its analysis of the procedural due process and equal protection claims by limiting the claims to the City's denial of Lifestyle's zoning and development applications. Instead, Lifestyle also raised process-based procedural due process and equal protection claims. Further, Lifestyle submits that the Court applied an incorrect standard to Lifestyle's retaliation claim. For these reasons, reconsideration is warranted.

Pursuant to Local Rule 7.1(b)(2), Lifestyle respectfully requests oral argument on this motion. Lifestyle submits that oral argument would aid in the review of these claims given the

extensive, complex factual and legal issues presented. Additionally, oral argument will aid in the resolution of the important constitutional issues at stake.

>
> Respectfully submitted,
>
> VORYS, SATER, SEYMOUR AND PEASE LLP
>
> *s/ Joseph R. Miller*
> Joseph R. Miller (0068463), *Trial Attorney*
> Christopher L. Ingram (0086325)
> Emily J. Taft (0098037)
> Jordan C. Patterson (0101174)
> 52 East Gay Street, P.O. Box 1008
> Columbus, Ohio 43216-1008
> Phone: (614) 464-6233
> Fax: (614) 719-4630
> jrmiller@vorys.com
> clingram@vorys.com
> ejtaft@vorys.com
> jcpatterson@vorys.com
>
> *Counsel for Plaintiffs Lifestyle Communities, Ltd. and Worthington Campus, LLC*

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

In its March 15, 2023, Opinion and Order, the Court primarily analyzed one issue – the City's denial of Lifestyle's zoning and development applications. In doing so, Lifestyle submits that the Court did not consider and properly analyze Lifestyle's claims related to the City's improper denial of process and access to Lifestyle. Lifestyle's procedural due process, equal protection, and retaliation claims involve separate property interests and different constitutional protections than the interests concerning the zoning and development applications. As such, Lifestyle submits that the Court erred in analyzing these claims under the same framework.[1] To correct these errors at the early pleading stage of this case, and in the interest of justice, the Court should reconsider its dismissal of those claims and the corresponding declaratory judgment claims.

II. **FACTUAL BACKGROUND**

The parties have extensively briefed the factual allegations in this case. For efficiency purposes, Lifestyle incorporates its recitation of the factual and procedural background from its response in opposition to the City's motion to dismiss, which this Court succinctly summarized in its March 15, 2023, Opinion and Order.

III. **STANDARD OF REVIEW**

Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for the Court to hear such motions is found in both the common law and in Rule 54(b) of the Federal Rules of Civil Procedure. *Rodriguez v.*

---

[1] For the reasons outlined in its briefing on the City's motion to dismiss, Lifestyle maintains that the motion to dismiss should not have been granted in any respect, and reserves its rights to appeal that decision in full following final judgment. However, given omissions in the Court's analysis and decision as to the procedural due process, equal protection, and retaliation claims, Lifestyle now seeks reconsideration of the dismissal of those three claims.

*Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). The Court has "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) (citing *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47–48 (1943)). In exercising this discretion, courts "traditionally . . . will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *William Powell Co. v. Natl. Indemn. Co.*, No. 1:14-cv-00807, 2017 U.S. Dist. LEXIS 157733, at *8 (S.D. Ohio Sep. 26, 2017) (alteration in original) (quoting *Rodriguez*, 89 F. App'x at 959).

## IV. ARGUMENT

### A. Lifestyle has a protected property interest sufficient to state a procedural due process claim.

In dismissing all of Lifestyle's claims under the Due Process Clause, the Court erred by analyzing the entirety of those claims as limited to the City's denial of Lifestyle's zoning and development applications. In doing so, the Court did not properly consider Lifestyle's procedural due process claim, which is not limited to the denial of the applications or to a claimed entitlement under the Comprehensive Plan, the Land Use Plan, or Resolution 04-2022. Instead, the procedural due process claim is based on the City's unauthorized and improper enactment of Resolution 04-2022 without affording Lifestyle notice and the opportunity to be heard – which impinges upon Lifestyle's most basic and fundamental property rights.

Courts regularly find that a landowner has protected property interests to support a procedural due process claim related to a locality's legislative actions as to a specific property even where that landowner may not have protected property interests based on the denial of an underlying zoning application. *See, e.g.*, *Wedgewood L.P. I v. Twp. of Liberty*, 610 F.3d 340, 353

(6th Cir. 2010); *Nasierowski Bros. Invest. Co. v. Sterling Hts.*, 949 F.2d 890, 891 (6th Cir. 1991) ("The landowner had a right to notice and hearing by the city council prior to its passage of the new zoning ordinance where the zoning reclassification did not reflect a good faith policy determination, but rather was the result of one council member's autocratic exercise of elective office for the achievement of a personal objective, and the council's action clearly resulted in a differentiable impact on the landowner."); *Crow v. City of Springfield*, Case No. C-3-96-010, 2000 U.S. Dist. LEXIS 6228, at *25 (S.D. Ohio Mar. 16, 2000) (finding that a city's enactment of legislation affecting only plaintiffs' property triggers procedural due process protections); *Tackett v. Village of Carey*, No. 3:06 CV 7014, 2007 U.S. Dist. LEXIS 39775, at *12 (N.D. Ohio May 17, 2007) (granting summary judgment to plaintiff on procedural due process claim because plaintiff did not receive proper notice and opportunity prior to the locality's enactment of legislation solely affecting his property, even though plaintiff did not have protected property interest to challenge the underlying decision within that legislation).

*Wedgewood* is particularly relevant to this case. In *Wedgewood*, both the local residents and local government opposed the development of a Wal-Mart. 610 F.3d at 345–46. In an effort to quash the development, the local government passed an initiative titled "Public Statement and Instructions to Zoning Department Regarding Future Administration of Wedgewood Commerce Center Development Plan" that amended the development plan for the area and guided new development in the area. *Id.* at 346. These "Instructions" were passed by the local government without notice or the opportunity to be heard. *Id.* at 355. When the developer formally applied for a zoning certificate for the Wal-Mart, it was denied based on the guidelines outlined in the Instructions. *Id.* at 347.

The developer filed a federal lawsuit against the locality under Section 1983, asserting among other claims a substantive due process claim related to the locality's denial of the zoning certificate and a procedural due process claim related to the enactment of the Instructions. *Id.* Although the court dismissed the developer's claims related to the denial of the zoning certificate, holding that the developer lacked a cognizable property interest in the zoning permit,[2] it granted summary judgment to the developer on the procedural due process claim. *Id.* The court determined that the developer had a protected property interest in existing regulations and guidelines underlying decisions as to how its property may be used. *See Wedgewood Ltd. Partnership I v. Twp. of Liberty*, 456 F. Supp. 2d 904, 934–37 (S.D. Ohio 2006); *Wedgewood Ltd. Partnership I v. Twp. of Liberty*, 578 F. Supp. 2d 941, 949–51 (S.D. Ohio 2008). Because the Instructions only affected this specific property area, the developer was entitled to procedural due process protections, including notice and the opportunity to be heard prior to the passage of the Instructions. *See Wedgewood*, 610 F.3d at 353 ("The salient issue before us 'is whether the Zoning Commission had the authority under Ohio law to take the action that it did.'"). The Sixth Circuit affirmed the grant of summary judgment in favor of the developer. *Id.* at 355.

The same is true here. The City's Resolution 04-2022 is specifically targeted at Lifestyle's property. (Compl. ¶ 115.) Indeed, the Resolution itself provides that it only "pertains to the United Methodist Children's Home Focus Area" – an area that is exclusively Lifestyle's property. *See* Worthington Resolution No. 04-2022. Just as the Instructions in *Wedgewood* provided guidance

---

[2] Unlike the developer in *Wedgewood*, the facts and circumstances in this case establish that Lifestyle has a protected property interest in the rezoning of its property in compliance with the Land Use Plan in effect at the time that it submitted its development applications. (*See* Resp. in Opp. to Mot. to Dismiss 16–29.)

for the development of the specific area where the Wal-Mart sought to open, the Resolution provides guidance for the development of Lifestyle's property.[3] (Compl. ¶¶ 123–25.) And just as the Instructions in *Wedgewood* acted as a de facto moratorium on commercially developing a specific area, so too does the Resolution impose a de facto moratorium on development of Lifestyle's property. City Council highlighted that point when the President of Council said on the record that the moratorium "ha[d] been met through another means." (*Id.* at ¶ 127.) Because the Resolution is not general in nature, but rather singled-out Lifestyle and its property, it is an action that required the City to apprise Lifestyle of its pendency and to provide Lifestyle any notice and opportunity to present its objections. (*Id.* at ¶ 115.)

The City failed to do so, giving rise to a cognizable procedural due process claim. Indeed, the City not only failed to provide Lifestyle notice and opportunity, it actively sought to conceal the Resolution from Lifestyle so as to eliminate Lifestyle's (or anyone else's) ability to voice objections. (*Id.* at ¶¶ 114–19.) The allegations related to the City's malicious and unauthorized actions to conceal its efforts and impose a de facto moratorium are sufficient to show a protected property interest that triggers due process protections. As such, the Court should reconsider its dismissal of Lifestyle's procedural due process claim.

### B. Lifestyle has pled facts sufficient to state an equal protection claim.

Lifestyle respectfully submits that the Court erred as well in dismissing the equal protection claim by subjecting Lifestyle to a heightened pleading standard that is contradictory to Rule 8 of

---

[3] Lifestyle maintains that the Resolution does more than merely guide development of its property. (*See* Resp. in Opp. to Mot. to Dismiss 16–29.) If the Resolution represented only guidance, the City would have had no reason to pass it in the dead of night without notice to ensure that Lifestyle had no way to oppose it or vest its rights under the prior Land Use Plan. (Compl. ¶¶ 114–19.) Additionally, once passed, the City acknowledged that its passage acted to stop all development of the property and accomplished the same goal as the failed moratorium. (*Id.* at ¶ 127.)

the Federal Rules of Civil Procedure and applicable case law. This case is merely in the initial pleadings stage. Whether similarly situated comparators exist is a factual question more appropriately resolved by the factfinder. *See Loesel v. City of Frankenmuth*, 692 F.3d 452, 463 (6th Cir. 2012) ("'Inevitably, the degree to which others are viewed as similarly situated depends substantially on the facts and context of the case.' Furthermore, 'determining whether individuals are similarly situated is generally a factual issue for the jury.'"). Under the plausible notice pleading standard, it is sufficient to allege that relevant comparators exist and allow discovery to proceed as to the factual specifics underpinning those comparators, particularly where such information is within the custody and control of the opposing party. *See id.*; *Willowbrook v. Olech*, 528 U.S. 562, 565 (2000). Lifestyle has met its pleading requirements at this early stage of the litigation. (Compl. ¶¶ 8–14, 31, 81–92, 135–38.)

Additionally, similar to the procedural due process claim, the Court did not consider that Lifestyle's equal protection claim is not limited to the denial of the rezoning and development applications. Lifestyle's equal protection claim is not solely based on the outcome of the City's decision on those applications. (*Id.* at ¶ 138.) The equal protection claim is also based on the City's unequal treatment of Lifestyle throughout the application process. (*Id.*) The former turns on comparators who have similar properties and development plans and were granted a rezoning, but the latter merely requires allegations of comparators who applied to the City under the same code – i.e., every applicant.

When evaluating the merits of whether comparators are similarly situated, courts "examine 'all relevant factors' including whether the parties were subjected to the same standards." *Hussein v. City of Perrysburg*, No. 3:07CV1715, 2008 U.S. Dist. LEXIS 123196 at *14 (N.D. Ohio Mar. 17, 2008) (quoting *United States v. Olvis*, 97 F.3d 739, 744 (4th Cir. 1996)). For the process

aspects of Lifestyle's equal protection claim, whether the other applicants had similar properties, whether they had similar development plans, and whether the plans had similar densities and specifics are not relevant factors. (*See* Opinion and Order 17–18 n.7.) Those factors are only applicable to the aspects of Lifestyle's equal protection claim tied to the denial of its applications where the merits and specifics of each application are relevant. Instead, the only relevant factors to Lifestyle's claim based on unequal treatment in the rezoning process are whether the comparator submitted an application and whether the applicant was subject to the same zoning code. Here, that encompasses every rezoning applicant to submit an application to the City.

Lifestyle sufficiently alleged that all of those other applicants are comparators and that the City subjected Lifestyle to an unequal and hostile rezoning application process that was materially different than the standard process provided to others. (*See* Compl. ¶ 81.) Indeed, Lifestyle specifically pinpointed at least one other such applicant – a large grocery chain – that sought to develop Lifestyle's exact property and was afforded the same process as every other applicant except Lifestyle. (*Id.* at ¶¶ 31, 81–92.) Because the Court only viewed Lifestyle as raising an equal protection claim limited to the City's denial of Lifestyle's development applications, the claim was dismissed in its entirety without considering the unequal process the City imposed. Lifestyle has sufficiently pled similarly situated comparators for the process-based claim. To hold otherwise would impose a heightened pleading standard inconsistent with Rule 8 and federal law. The Court therefore should reconsider its dismissal of Lifestyle's equal protection claim.

**C.    Lifestyle has pled a cognizable retaliation claim under the First Amendment that is distinct from an infringement of the right to petition.**

In analyzing Lifestyle's First Amendment claims, the Court applied an incorrect standard to Lifestyle's retaliation claim. The Court analyzed Lifestyle's retaliation claim as if it were a claim for infringement of its right to petition, delineating the standard for such a claim as stated in

*EJS Properties, LLC v. City of Toledo*, 698 F.3d 845 (6th Cir. 2012). (Opinion and Order 21.) But a violation of a party's right to petition is not the same as a retaliation claim. Indeed, the Sixth Circuit in *EJS Properties* explained that a right to petition claim is separate and distinct from a retaliation claim, particularly where the retaliation claim is premised on allegations that the locality denied an application in "retaliation for the exercise of the developer's rights to petition when the denial was impermissibly motivated." *EJS Properties*, 698 F.3d at 864 n.14 (citing *Hampton Bays Connections, Inc. v. Duffy*, 127 F. Supp. 2d 364, 374 (E.D.N.Y. 2001). In *EJS Properties*, unlike here, the developer made no allegations that the City Council's actions were in retaliation of its exercise of its First Amendment right to petition. *See id.*

In raising its retaliation claim, Lifestyle is not alleging that its right to petition was infringed; instead, it is alleging that it exercised that right and the City retaliated against Lifestyle in multiple ways for doing so. (Compl. ¶¶ 188–90.) The incorrect standard therefore was applied. The correct standard requires a plaintiff to allege three elements: (1) the plaintiff engaged in protected conduct – like Lifestyle exercising its First Amendment right to petition (*id.* at ¶¶ 77, 188); (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct – like the City denying the applications, subjecting Lifestyle to a hostile process that it was doomed to fail, forbidding Lifestyle from reapplying for some arbitrary amount of time, imposing a moratorium on only the Property in the cloak of darkness without providing any advance notice, and defaming Lifestyle to the media (*id.* at ¶¶ 81–111, 114–27, 190); and (3) "the adverse action was motivated at least in part by the plaintiff's protected conduct" – like the City being angry and frustrated that Lifestyle's applications vested its rights in the underlying regulations and guidelines that the City wanted to change (*Id.* at ¶¶ 80, 189). *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999); *see also*

*Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 41 (1st Cir. 1992) (holding that allegations related to the retaliatory denial of a residential site permit can state a claim for First Amendment retaliation); *Duffy*, 127 F. Supp. 2d at 373–75 (denying a motion to dismiss a retaliation claim where motive and intent were established through allegations of unequal treatment and an ongoing campaign of adverse action and inferences of motive from the fact that defendants were aware of the engaged-in protected speech). The allegations in the Complaint state a claim under this correct standard.

Moreover, even under the Court's analytical framework for the retaliation claim, Lifestyle's allegations related to its lack of access are sufficient. One act of retaliation concerns the City's arbitrary actions that prohibited Lifestyle from reapplying for any development on its property for six months – a complete infringement of Lifestyle's right to access. Angry at Lifestyle for submitting its applications and vesting its rights in the existing zoning regulations and guidelines, the City not only denied the applications, it took it a step further by forbidding Lifestyle from reapplying (and thereby re-vesting its rights) for six months after the denial. (Compl. ¶ 109.) Such a restriction cannot be found anywhere in the City's code. Instead, it was a bare act of retaliation to completely bar Lifestyle from accessing the development process – a violation of its rights to speak and petition. Accordingly, Lifestyle respectfully requests the Court reconsider its dismissal of Lifestyle's retaliation claim.

> **D. Lifestyle is entitled to its requested declarations that correspond with its procedural due process, equal protection, and retaliation claims.**

If the Court determines based on the foregoing that reconsideration of Lifestyle's procedural due process, equal protection, and retaliation claims is warranted, Lifestyle requests that the Court reconsider its dismissal of Lifestyle's claims for declaratory and injunctive relief corresponding with those claims for the same reasons.

## V. CONCLUSION

For the foregoing reasons, Lifestyle requests that the Court reconsider its March 15, 2023, Opinion and Order and deny the City's request to dismiss Lifestyle's procedural due process, equal protection, and retaliation claims and the related claims for declaratory judgment.

Respectfully submitted,

VORYS, SATER, SEYMOUR AND PEASE LLP

*s/ Joseph R. Miller*
Joseph R. Miller (0068463), *Trial Attorney*
Christopher L. Ingram (0086325)
Emily J. Taft (0098037)
Jordan C. Patterson (0101174)
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-6233
Fax: (614) 719-4630
jrmiller@vorys.com
clingram@vorys.com
ejtaft@vorys.com
jcpatterson@vorys.com

*Counsel for Plaintiffs Lifestyle Communities, Ltd. and Worthington Campus, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 12, 2023, a copy of the foregoing was electronically filed with the Clerk of Court using the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's system. Parties may access this filing through the Court's system.

*s/ Joseph R. Miller*
Joseph R. Miller