UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LIFESTYLE COMMUNITIES, LTD.,
*et al.*,

      Plaintiffs,

v.

CITY OF WORTHINGTON, OHIO,

      Defendant.

Case No. 2:22-cv-1775
Judge Sarah D. Morrison
Magistrate Judge Elizabeth Preston Deavers

## ORDER

This matter is before the Court on Plaintiffs' Motion for Reconsideration, in which Lifestyle asks this Court to reconsider its March 15, 2023 Opinion and Order (ECF No. 37) dismissing several claims.[1] (ECF Nos. 45, 47, 48.)

**I.    STANDARD OF REVIEW**

The Court has substantial discretion to grant motions for reconsideration, however, such motions are not intended to relitigate issues previously considered or to give a party a second bite at the apple. *Pegg v. Davis*, 2009 WL 5194436, at *1 (S.D. Ohio 2009) (Marbley, J.). Motions for reconsideration serve a limited function and are warranted only where there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id.* A clear error of law is the "wholesale disregard, misapplication, or

---

[1] Within its motion, Lifestyle requested oral argument. Because the Court does not believe additional argument would be helpful, that request is **DENIED**.

failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir.2000).

## II. ANALYSIS

Lifestyle argues that the Court made three clear errors of law and that reconsideration is necessary to prevent manifest injustice.

### A. The Court did not err in dismissing Lifestyle's procedural due process claim.

Lifestyle's first ground for reconsideration is that the Court erred in dismissing its procedural due process claim based on the adoption of Resolution 04–2022[2] without notice or an opportunity to be heard. (ECF No. 45, PAGEID # 598–601.) Recognizing that it must identify a constitutionally protected interest to state a due process claim, Lifestyle argues that its property rights were adversely affected by the Resolution, which served as "de facto moratorium" on its ability to develop the Property. (*Id.* at 601.) As for the source of its affected property rights, Lifestyle reiterates that it had a justified expectation in developing the Property in accordance with the Land Use Plan. (*Id.* at 600, n.4) The Land Use Plan, however, cannot create such an expectation because it was not binding on Worthington's zoning decisions. (*See* Opinion and Order, ECF No. 37, PAGEID # 519–20.) Because Lifestyle has

---

[2] Unless otherwise specified, capitalized terms shall have the same meaning as in the March 15, 2023 Opinion and Order.

again failed to support its procedural due process claim with a constitutionally protected interest, its first argument for reconsideration fails.

> **B. Even assuming that Lifestyle identified similarly situated comparators, its equal protection claim fails for an independent reason.**

Lifestyle next argues that the Court erred in dismissing its equal protection claim to the extent it is based on differential treatment throughout the application process. (ECF No. 45, PAGEID # 601–03.) According to Lifestyle, it sufficiently identified similarly situated comparators for this aspect of its equal protection claim by alleging that it was treated differently than all other applicants. (*Id.*)

Even assuming that Lifestyle sufficiently identified similarly situated comparators, its equal protection claim fails for another reason. Lifestyle does not plausibly allege that any differential treatment it received was based on ill-will or animus or that it lacked any reasonable basis.

To succeed on a "class of one" equal protection claim, ill will or animus must be directed towards the class-of-one plaintiff personally, not towards the zoning application or the plaintiff's proposed development. *Ziss Bros. Constr. Co. v. City of Independence*, 439 Fed. Appx. 467, 479 (6th Cir. 2011) (allegations of ill will based on city commission's desire to acquire land for a public park were not personal, or class-of-one based animus). A plaintiff must plead and prove "animus or ill will" that reflects a "'deep-seated and sometimes virulent' act of 'antagonism,' 'hostility,' and 'animosity.'" *Shavers v. Almont Twp., Michigan*, 832 Fed. Appx. 933, 939 (6th Cir. 2020) (quoting *Loesel v. City of Frankenmuth*, 692 F.3d 452, 466 (6th Cir. 2012)).

Lifestyle's bare allegations that Worthington acted with ill will and animus are belied by the more substantive allegations they are paired with. For example, Lifestyle alleges that a Worthington councilman "publicly aired his animus for Lifestyle" by stating that "[w]e can achieve an outcome that greatly benefits the life of our community while benefiting the city financially, or we can develop a variation of Lifestyle['s] project with all of its problems and mediocrity." (Compl. ECF No. 1, ¶ 63.) At most, the councilman's statement demonstrates distaste for Lifestyle's proposal, not Lifestyle itself. Each of Lifestyle's allegations about ill will and animus follow this trend, defeating any suggestion of antipathy by Worthington.

Next, to nullify any potential rational basis for the alleged differential treatment it received, Lifestyle must demonstrate that Worthington's actions were "so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the [Worthington's] actions were irrational." *Ziss Bros.*, 439 F. App'x at 478 (citation omitted; first alteration in original). *See also id.* ("[R]ational basis review does not permit a court to overrule 'even improvident decisions' made by a political branch. . .'judicial intervention is generally unwarranted no matter how unwisely we may think a political branch has acted.'") (quoting *FCC v. Beach Commc'n, Inc.*, 508 U.S. 307, 314, 113 S.Ct. 2096 (1993).

On the whole, Lifestyle's allegations reveal Worthington's desire to achieve a certain outcome with the Property (to make it into a park for the benefit of Worthington residents). (*See e.g.*, Compl. ¶¶ 57, 64, and 179(a)). That Lifestyle's proposal was viewed as incongruent with that outcome is a rational basis for any

4

differential treatment it received. Thus, Lifestyle's second ground for reconsideration fails.

### C. Under the correct legal standard, Lifestyle stated a claim for first amendment retaliation.

Lifestyle's final ground for reconsideration is that the Court applied the incorrect legal standard when it dismissed Lifestyle's first amendment retaliation claim. (ECF No. 45, PAGEID # 603–05.) Instead of considering whether Lifestyle plausibly alleged that Worthington retaliated against it for exercising its right to petition, the Court considered whether Worthington's alleged retaliatory actions infringed upon that right. (*See* Opinion and Order, ECF No. 37, PAGEID # 526–27.) As such, the Court erred and must reconsider Lifestyle's claim under the correct legal standard.

To succeed on a first amendment retaliation claim, a plaintiff must plead and prove that "(1) he engaged in constitutionally protected speech or conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by his protected conduct." *Dye v. Office of the Racing Comm'n*, 702 F.3d 286, 294 (6th Cir. 2012) (quoting *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 255 (6th Cir. 2006)).

First, Lifestyle's submission of a rezoning reapplication is an activity protected under the Petition Clause. *Holzemer v. City of Memphis*, 621 F.3d 512, 521 (6th Cir. 2010) ("The Petition Clause protects petitioning of 'all departments of the

Government,' and a private citizen's business interest can be the subject of a constitutionally protected petition.") (quoting *Gable v. Lewis*, 201 F.3d 769, 771 (6th Cir. 2000)).

Second, Lifestyle plausibly alleges that Worthington took an adverse action when it prohibited Lifestyle from reapplying for six-months after its application was rejected. *See Holzemer*, 621 F.3d at 525 (police officer delaying renewal of permit in response to private citizen exercising right to petition may constitute an adverse action). If true, a reasonable factfinder could find that a person of ordinary firmness in Lifestyle's position would be deterred from continuing to petition for rezoning. *See id.* at 524 ("[T]he adverse-action requirement 'is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment.'") (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999)); *see also Kubala v. Smith*, 984 F.3d 1132, 1139 (6th Cir. 2021) ("Adverse actions beyond those that create only de minimis negative consequences offend the Constitution.").

Finally, whether a causal connection exists between the first and second element is an issue that requires further factual development and cannot be resolved at this stage.

Accordingly, Lifestyle has stated a claim for first amendment retaliation.

### III. CONCLUSION

For the reasons set forth above, Lifestyle's Motion for Reconsideration is **GRANTED** as to Lifestyle's first amendment retaliation claim (Count VII) and the

corresponding declaratory judgment claim (Count VIII) and is **DENIED** as to its procedural due process and equal protection claims (Counts I, II, and IV).

    **IT IS SO ORDERED.**

                                          /s/ Sarah D. Morrison
                                          **SARAH D. MORRISON**
                                          **UNITED STATES DISTRICT JUDGE**